IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARSAAN L. NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-664-SLR |
| | ) |
| PHIL MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of August, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) plaintiff's request for counsel (D.I. 7) is denied without prejudice to renew; (2) plaintiff may proceed against C/O C. Johnson on the failure to protect claim; and (3) the remaining claims, including the claims against Phil Morgan and Mark Emig, are dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for the reasons that follow:

1. **Background.** Plaintiff Marsaan L. Newman ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. § 1983 alleging a failure to protect from harm.[1] (D.I. 2)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. On March 13, 2012, plaintiff and another inmate engaged in a verbal altercation. Plaintiff tried to go to his cell, but a fight ensued that lasted well over four minutes. Plaintiff alleges that it was obvious there would be a fight, and the officer did not perform his duty to intervene to stop the fight. Defendant C/O Johnson ("Johnson") did not call a code, and he later reported that he tried to call a code twice, but his walkie-talkie was not working properly. As a result of the fight, plaintiff lost an eye and had to be taken to the local hospital. Plaintiff alleges that Warden Phil Morgan ("Morgan") and Deputy Warden E. Emig ("Emig")[3] are responsible for the correctional officers' equipment. Plaintiff concludes that had the walkie-talkie worked properly, the assault would not have lasted long. Plaintiff seeks release from prison or placement in a lower security level, as well as compensatory damages.

7. **Deliberate indifference**. An official responsible for prison inmates may be held liable for constitutional violations for acting with "deliberate indifference" to an inmate's safety when the official knows of a "substantial risk of serious harm" and with such knowledge disregards that excessive risk to inmate health or safety by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). For deliberate indifference, a defendant must have been "subjectively aware of the substantial risk of serious harm in order to have had a ' "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834-38; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). "[T]he

---

[3]Misspelled by plaintiff as "Eming."

prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists – and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837.

8. Plaintiff alleges that Morgan and Emig acted with deliberate indifference because the walkie-talkie used by Johnson failed to work properly. The complaint, however, does not allege that Morgan and/or Emig knew or were aware of the problem, that they had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to plaintiff, that they actually drew this inference, and thereafter ignored this risk. Plaintiff's conclusory and unsupported allegations are insufficient to state a claim that Morgan and Emig acted with deliberate indifference on the day in question. *See Warren v. State of Missouri*, 995 F.2d 130 (8th Cir. 1993) (prison officials' failure to provide "anti-kickback" protective equipment on saw, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not create a genuine issue of material fact as to deliberate indifference to a serious issue of workplace safety); *Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir.1991) (prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed, and their failure to repair it, amounted to mere negligence); *Benson v. Cady*, 761 F.2d 335 (7th Cir. 1985) (allegations that prison officials failed to inspect and maintain cell beds and exercise equipment which fell and allegedly injured inmate in two separate incidents, at most, constituted claims that prison officials did not exercise due care but failed to demonstrate deliberate indifference to an unreasonable risk of harm posed by an inmate's physical environment); *Arnold v. South Carolina Dep't of Corr.*, 843 F.Supp.

5

110 (D.S.C. 1994) (kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference). Plaintiff's claims against Morgan and Emig do not rise to the level of deliberate indifference and, at most, suggest negligence. See *Arnold*, 843 F.Supp. at 113 ("[t]o convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety") (citing *Whitley v. Albers*, 475 U.S. 312, 319, (1986)).

9. Therefore, the claims against the Morgan and Emig are dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff may proceed with his failure to protect claim against Johnson.

10. **Request for counsel**. Plaintiff requests counsel on the grounds that he is indigent with no legal skills, incarcerated and is 32 years of age. Plaintiff asserts further that counsel is required to proceed appropriately in the civil proceeding, and counsel would assist in the discovery process.

11. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[4] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[4]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6

12. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

13. After reviewing plaintiff's request, the court concludes that the case is not so factually or legally complex that representation by an attorney is warranted. To date, the filings in this case demonstrate plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 7) Should the need for counsel arise later, the issue can be addressed at that time.

14. **Conclusion.** For the above reasons, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 7) The court concludes that plaintiff has alleged what appears to be a cognizable and non-frivolous failure to protect claim against C/O C. Johnson. All remaining claims, including the claims against Morgan and Emig, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendant C/O C. Johnson, as well as for the Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **The plaintiff shall also provide the court with copies of the complaint (D.I. 2) for service upon the remaining defendant and the attorney general. Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this

jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE